MARY EILEEN KILBANE, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 {¶ 50} I concur with the majority's resolution of Asadi-Ousley's first, second, and third assignments of error. I respectfully dissent, however, from the majority's conclusion in the fourth assignment of error that Asadi-Ousley's rape and kidnapping counts merge for purposes of sentencing. In finding that these offenses do not merge, I would also find that Asadi-Ousley did not receive ineffective assistance of counsel.
 

 {¶ 51} Contrary to the majority's holding, I find the factual scenario in
 
 Echols,
 
 8th Dist. Cuyahoga No. 102504,
 
 2015-Ohio-5138
 
 ,
 
 2015 WL 8484088
 
 , distinguishable
 from the instant case. In
 
 Echols
 
 , victim one was walking home late at night. As she passed a large tree or shrub, a person jumped out from the tree and came up behind her. The individual held a knife to her throat and threatened her. He moved her from the sidewalk to behind the tree and raped her. Another attack occurred approximately five years later, involving a different victim. Victim two was walking home when a car pulled up and an unknown individual told her to get into the car or he would hurt her. She complied. She was hit in the head with a brick and raped. Sexual assault kits were performed on both victims. DNA testing revealed that the defendant's DNA was consistent with that of the attacker in both victims.
 
 Id.
 
 at ¶ 3-5.
 

 {¶ 52} On appeal, we found that the asportation of victim one was slight. Victim one was moved from the sidewalk to behind a tree next to the sidewalk. There was no increased risk of harm associated with this movement apart from that associated with the sexual assault. This movement was done for the purpose of raping with no separate, identifiable harm. The movement was done in conjunction with the rape and was not separated by any significant length of time or distance.
 
 Id.
 
 at ¶ 38. We reasoned, because "the movement was slight, occurred close in time to the rape, and was done solely to facilitate the rape[,] the trial court erred when it failed to merge the rape and kidnapping counts related to [victim one]."
 
 Id.
 
 at ¶ 39.
 

 {¶ 53} We contrasted victim one's movement with the movement of victim two, who was abducted from the bus stop. With victim two, the defendant forced her to get into his vehicle, hit her with a brick once in the car, and he drove her away from the area. We found that the "asportation of [victim two] constituted a separate crime for which [defendant] may be separately punished."
 
 Id.
 
 at ¶ 40.
 

 {¶ 54} I would find that the facts surrounding T.M.'s attack are more analogous to victim two, rather than victim one, in the
 
 Echols
 
 case. Victim one was moved from the sidewalk to behind a tree next to the sidewalk, where she was raped. Based on the facts in
 
 Echols
 
 , the tree was on the tree lawn next to the sidewalk, which was not a concealed area. Whereas with victim two, the defendant forced her into a car and drove her to another location, where he committed the rape. Here, the inception of the crime was when T.M. was approached from behind by knifepoint as she was walking down the street. This act caused her to submit to being pushed into a secluded alleyway, behind a beauty supply store (kidnapping), where she was knocked unconscious by a blow to the head and then raped.
 

 {¶ 55} This movement, just as the movement of victim two, constituted a separate crime for which Asadi-Ousley may be separately punished. The movement was not slight and was separated by significant distance, and the confinement was attempted to be kept secret, subjecting T.M. to a substantial increase in harm separate from the rape. Specifically, Asadi-Ousley forcibly moved T.M. by knifepoint from a publicly visible area into a concealed alleyway, behind a beauty supply store, where he was more easily able to perpetrate the rape of an unconscious T.M. T.M. then awoke to find herself on the ground with her lip and nose bleeding, her shirt ripped open, and her pants and underwear pulled down.
 
 See
 

 State v. Lovato
 
 , 2d Dist. Montgomery No. 25683,
 
 2014-Ohio-2311
 
 ,
 
 2014 WL 2475593
 
 (where court of appeals affirmed the trial court's decision finding that defendant's rape and kidnapping charges of victim two did not merge for purposes of sentencing). The
 
 Lovato
 
 court
 found that the kidnapping was not merely incidental to the rape because the defendant dragged the victim through an alley to a nearby garage, while she was unconscious, and raped her.
 
 Id.
 
 at ¶ 19.
 

 {¶ 56} For these reasons, I would find that the rape and kidnapping convictions are not subject to merger.